JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY MATTHEW CORDERO, | Case No. 5:21-00770 JAK (ADS) |
| Petitioner, | |
| v. | ORDER DISMISSING FIRST AMENDED PETITION FOR LACK OF JURISDICTION |
| MARCUS POLLARD, Warden, | |
| Respondent. | |

## I. **INTRODUCTION**

Before the Court is a First Amended Petition for Writ of Habeas Corpus by a Person in State Custody ("FAP") filed by petitioner Randy Matthew Cordero ("Petitioner"), a California state prisoner. [Dkt. No. 6]. On May 11, 2021, the Court issued an Order Regarding Screening of Petition ("OSP") because, among other issues, the initial Petition appeared untimely and wholly unexhausted and because Petitioner is not "in custody" under the 2001 conviction he challenges in the Petition. [Dkt. No. 4]. On May 24, 2021, Petitioner filed a Response to Order to Show Cause ("OSP Response"), conceding that he is not in custody for the 2001 conviction and attempting to argue why

the Court should find the Petition timely. [Dkt. No. 5]. In response to the OSP, Petitioner also filed the FAP. [Dkt. No. 6]. On June 21, 2021, Petitioner paid the filing fee. [Dkt. No. 9].

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

A review of the FAP, Petitioner's OSP Response, the Court's records, and public records reveals that Petitioner is not in custody for the conviction he challenges in the FAP and, as such, this Court lacks jurisdiction over this action.[1] As discussed below, the Court dismisses this action.

## II. THE COURT LACKS JURISDICTION TO HEAR THIS MATTER

A court may only entertain a petition for writ of habeas corpus if the petitioner is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254. However, a habeas petitioner is not considered to be "in custody" if he has served the sentence for the conviction he challenges. Maleng v. Cook, 490 U.S. 488, 492 (1989) (holding that a habeas petitioner does not remain "in custody" "under a conviction after the sentence imposed for it has fully expired, merely because the possibility that the conviction will

---

[1] Where necessary, the Court takes judicial notice of the public records. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."); Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (holding that a court may take judicial notice of undisputed matters of public record).

be used to enhance the sentences imposed for any subsequent crimes of which he is convicted"). Federal courts lack jurisdiction to entertain a challenge to a conviction that has already expired. See id.; In re Lee, 880 F.3d 242, 243-44 (6th Cir. 2018) (per curiam).

The FAP seeks to challenge a 2001 conviction that has expired. [Dkt. No. 5, p. 5; Dkt. No. 6, p. 2]. In his OSP Response, Petitioner admits, "I am not in custody for the 2001 conviction. It has expired." [Dkt. No. 5, p. 5]. Although Petitioner is currently incarcerated, a search of publicly available records reveals that Petitioner was separately convicted another time in 2009. See Cordero v. California, No. 11-cv-1500 JAK, 2012 WL 4107873 (C.D. Cal. July 25, 2012) (recommending dismissing Petitioner's federal habeas petition for a 2009 conviction), report and recommendation adopted, 2012 WL 4174995 (C.D. Cal. Sept. 17, 2012). Since Petitioner is not currently "in custody" for the challenged 2001 conviction, this Court does not have jurisdiction to consider Petitioner's federal habeas petition contesting that conviction.

Furthermore, even were this Court to have jurisdiction to entertain the FAP, the FAP nonetheless challenges a 2001 sentence and is therefore facially untimely. See [Dkt. No. 6, p. 2]. Petitioner has not established that tolling or a later trigger date apply. See generally [id.]. In addition, Petitioner failed to meet his burden of demonstrating that he has fully exhausted his available state remedies. See [id., pp. 5-7; Dkt. No. 5, p. 4]. As such, Petitioner would not be entitled to federal habeas relief.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT this action is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

DATED: July 22, 2021      _____
                                       JOHN A. KRONSTADT
                                       United States District Judge

Presented by:

     /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge